ORIGINAL

EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI   #2286
Chief, Drug/Organized Crime Section

BEVERLY WEE SAMESHIMA #2556
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  Beverly.Sameshima@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN - 9 2006

at __ o'clock and __ min. __M
SUE BE____  CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00401 HG |
| Plaintiff, ) | MEMORANDUM OF PLEA AGREEMENT |
| vs. ) | Date: January 9, 2006 |
| ) | Time: 2:00 p.m. |
| PORSHA P. CORNELIO, ) | Judge: Leslie E. Kobayashi |
| Defendant. ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, PORSHA P. CORNELIO, and her attorney, Todd Eddins, have agreed upon the following:

1. Defendant acknowledges that she has been charged in a one-count Indictment with violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

2. Defendant has read the charge against her contained in the Indictment, and that charge has been fully explained to her by her attorney.

3. Defendant fully understands the nature and elements of the crime with which she has been charged.

4. Defendant will enter a voluntary plea of guilty to the one-count Indictment charging her with knowing and intentional possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers in violation of 21 U.S.C. § 841.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because she is in fact guilty of possession with intent to distribute methamphetamine as charged in the one-count Indictment, and agrees that this plea is voluntary and not the result of force or threats.

7. Defendant understands that the penalties for the offense to which she is pleading guilty include:

        a. up to life imprisonment and a fine of up to $4,000,000, plus a term of supervised release of not less than five years and up to life as to each count; and

        b. a minimum term of imprisonment of ten years.

At the discretion of the Court, Defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is Defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is Defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is Defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the Defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d). In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

3

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

   a. On or about March 1, 2005, Defendant had a number of telephone conversations with an individual with whom defendant had engaged in drug transactions. The individual, (hereafter "CI") unbeknownst to the Defendant, was cooperating with law enforcement. In recorded telephone conversations, Defendant and the CI discussed a drug transaction in which the Defendant agreed to sell the CI "four" (meaning four ounces of ice) for $1,750 per ounce and that the exchange would take place near the Salt Lake Shopping Center.

   b. Later that evening, additional calls were recorded between the CI and the Defendant in which the Defendant advised the CI that she had the drugs and they discussed the meeting place and time for the exchange. At approximately 10:49 p.m. on March 1, 2005, the Defendant contacted the CI and advised that she was in a brown Impala at the drive-through at the McDonald's in the Salt Lake Shopping Center. Drug Enforcement Administration ("DEA") agents conducted surveillance of the parking lot and saw the Defendant seated in the driver's seat of a brown Impala. Honolulu Police Department officers in a marked police car pulled up behind the Defendant's car, blocking her

access, and activated the blue police light. The Defendant was seated in the driver's seat and was seen throwing two clear ziplock packets containing a white substance out the driver's side window. The Defendant was arrested and HPD officers recovered the two ziplock bags which she had thrown out the window and which landed on the ground. A search of the Defendant's car incident to her arrest also resulted in the recovery of an additional ziplock bag containing a white substance which was suspected to consist of illegal drugs.

c.  The contents of the two ziplock bags recovered from outside the car as well as the ziplock bag recovered from within the Defendant's car were submitted for analysis at the DEA Southwest Laboratory. Forensic Chemist Thomas R. Klysa analyzed the substances and determined that they consisted of a total of 98.4 grams of d-methamphetamine HCl of 67% purity, or a total of 65.9 grams of pure d-methamphetamine HCl.

d.  The Defendant stipulates that the analysis conducted by Thomas Klysa, a forensic chemist at the DEA Southwest Laboratory, is accurate and agrees that these amounts shall be used in calculating her base offense level pursuant to Sentencing Guideline Section 2D1.1.

e.  The Defendant admits that she possessed the drugs recovered from her car and which she threw out the car on

the night of her arrest and that she intended to distribute the drugs to the CI.

9.  Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

a.  The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

10.  The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any

stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

11. The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was

determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

      c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

      12. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

      13. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

      14. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

   a.  If Defendant persisted in a plea of not guilty to the charges against her she would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

   b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the Defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

   c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

   d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on her own behalf. If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

   e. At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

   f. At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the indictment.

  15. Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

  16. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

17. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

18. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

19. The Defendant further agrees to be bound by this plea agreement and **not** to seek a withdrawal of the guilty plea that she intends to enter or to withdraw from this plea agreement.

20. Notwithstanding the previous paragraph, if, after signing this memorandum of plea agreement, the Defendant nonetheless decides not to plead guilty as provided herein, or if the Defendant pleads guilty but subsequently makes a motion before the Court to withdraw from the plea agreement and the Court grants that motion, the Defendant agrees that any statements that she makes to law enforcement agents or to the United States Attorney's Office for the District of Hawaii may be

used against her in any trial brought against the Defendant. The Defendant further agrees that any admission of guilt that she makes by signing this plea agreement or that she makes while pleading guilty as set forth in this agreement may be used against her in a subsequent trial if the Defendant later proceeds to trial. The Defendant explicitly waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this plea agreement or during the course of pleading guilty when the guilty plea is later withdrawn.

21. The Defendant agrees that she will fully cooperate with the United States.

a. She agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests her to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others indicted later in the investigation, and related civil proceedings.

b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but she understands she may have her counsel present at those conversations, if she so desires.

   c. Defendant agrees she will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests her to testify.

   d. Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

  22. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

  23. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that

the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for Count 1 on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

    a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

    b. This Agreement does not require the prosecution to make such a request or motion.

    c. This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

    d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the

//
//
//
//
//

Guidelines or to impose a sentence below the minimum level established by statute.

DATED: _____1/9_____, 2006, at Honolulu, Hawaii.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
FLORENCE T. NAKAKUNI
Chief, Drug/Organized
Crime Section

_____
BEVERLY WEE SAMESHIMA
Assistant U.S. Attorney

_____
PORSHA P. CORNELIO
Defendant

_____
TODD EDDINS, ESQ.
Attorney for Defendant
    PORSHA P. CORNELIO

15